[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: ACCEPTANCE OF REPORT OF ATTORNEY TRIAL REFEREE (#107) PLAINTIFF'S OBJECTION TO ACCEPTANCE OF SAME (#108) JUDGMENT (#107.01)
After hearings before the Attorney Trial Referee (the "ATR") on March 20 and April 4, 2001, the ATR rendered a report on October 15, 2001, in which he recommended judgment enter for the defendant on the plaintiffs' complaint and on the defendant's counterclaim in the amount of $4,586.64 plus interest and costs. ATR Sohon recommended against the award of attorney fees by virtue of the parties' oral argument (as opposed to CT Page 16619 written) and because the defendant's claim of unjust enrichment does not permit such recovery. The plaintiffs filed timely objection to acceptance of the report under date of November 5, 2001. The matter was heard by this court on December 13, 2001.
The facts giving rise to the suit are not in dispute and are contained in the referenced report. Only such facts as are necessary to support this court's conclusions are here iterated. At oral argument, the plaintiffs focused on the award of interest. They argued it was inappropriate to award interest because no contractual or statutory basis for such award was stated either in the defendant's special defense or its counterclaim. They also claim the existence of the parties' bona fide dispute with regard to whether the plaintiffs owed any money to the defendant at all precludes finding the plaintiffs wrongfully detained or withheld payment of the defendant's final invoice (in the amount of $4,586.64) under C.G.S. § 37-3 (a) and cited decisional law. The plaintiffs additionally argued the ATR's conclusion the plaintiffs breached an implied covenant of good faith and fair dealing was impermissible and ought to be rejected because not pleaded by the defendant as a cause of action separate and distinct from its breach of contract claim.
 "[T]he trial court has the power to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee." Dills v. Enfield, 210 Conn. 705, 713 (1989). "The nondelegable judicial duty to render judgments is not limited to endorsement of the decision recommended by the referee." Id.
The ATR made the following findings:
 1) The parties had an oral argument the defendant would provide services to the plaintiffs in the initial design and conceptualization of the construction of a residence on the plaintiffs' property and in obtaining two (2) antique barn frames to be incorporated as part of the structure (Report of 10/15/01; Finding of Fact #10).
 2) The defendant submitted four (4) invoices to the plaintiffs — three (3) of which were paid and the fourth of which (for $4,586.64) remains outstanding and is the subject of the defendant's counterclaim (Report of 10/15/01; Finding of Fact #7). CT Page 16620
 3) The defendant performed the services which he contracted to provide (Report of 10/15/01; Finding of Fact #10).
 4) The plaintiffs, in April of 1998, wrote the defendant a letter and therein indicated they would honor their commitment to the defendant on the barn frames and erection of the same but that they wished to go in another direction on the overall management of the project and selection of subcontracts for work yet to be done (Report of 10/15/01; Finding of Fact #6).
The findings of fact are sufficient to establish an oral contract between the parties for which the plaintiffs would pay an agreed price for the selection of the barn frames and the initial design and conceptualization of the project. The defendant performed his obligations under the terms of that contract. The plaintiffs failed to pay the final invoice for services performed and, in so doing, breached their contract with the defendant, for which they are obligated to the defendant in the amount of $4,586.64.
In failing to pay the defendant's final invoice, the plaintiffs wrongfully detained the sum owed. Equity requires the defendant be made whole which can only be accomplished by an award of interest. The plaintiffs breach of contract in failing to pay the amount of the final invoice followed by their continued withholding of that sum is not excused by their claim of a bona fide dispute over sums owed. There is a statutory basis for the claim of interest in C.G.S. § 37-3 (a)[1]
and the defendant's failure to cite to that statute as the premise of its request that interest be awarded (as part of its Prayer for Relief in the counterclaim asserted) as per Practice Book § 10-3 is not fatally defective in view of the plaintiffs' failure to file either a Request to Revise the Prayer for Relief or a Motion to Strike that portion of the same. Under this state's law, prejudgment interest is to be awarded if, in the discretion of the trier of fact, equitable considerations deem that it is warranted. Paulus v. LaSala, 56 Conn. App. 139, 147 (1999) (Internal citations omitted). The Attorney Trial Referee made a finding of fact the money owed with regard to the fourth invoice was due and payable and has not been paid. This court finds that sum was then due and payable but has been wrongfully withheld. Equity requires the imposition of interest, a claim asserted by the defendant in its counterclaim of November 22, 1999.
Judgment enters for the defendant on the plaintiffs' complaint and on CT Page 16621 Count One of the defendant's counterclaim. Judgment is in the amount of $4,586.64 plus interest at ten percent per year from a date thirty days beyond the rendering of the fourth invoice (Exhibit 2) to the date of this judgment.
Sheedy, Judge